HUMMEL, A MINOR, APPELLANT, *v.* THE BALTIMORE & OHIO RAILROAD CO., APPELLEE.

(No. 8612—Decided December 21, 1959.)

*Mr. Robert C. Porter, Jr.,* for appellant.

*Messrs. Waite, Schindel, Bayless & Schneider* and *Mr. John M. O'Mara,* for appellee.

MATTHEWS, P. J. The plaintiff was a passenger in an automobile that collided with a train of defendant at the crossing of

Dane Avenue and the railroad track in the city of Cincinnati. The plaintiff alleged that the collision occurred through the negligence of the defendant. The defendant denied that it was negligent and by a "Second Defense" alleged that the collision and the injuries to the plaintiff "were caused solely through the negligence and fault of Ronald W. Everman, the driver of the automobile in which the plaintiff was a passenger."

The trial resulted in a general verdict for the defendant, signed by all the jurors.

On the last day of the trial, we find this notation in the appearance docket: "Interrogatory Entered, Minute 397." Among the original papers we find what purports to be an interrogatory, upon which is endorsed a direction by the trial judge to the clerk to enter it, and a stamp by the clerk that it had been entered as Minute 397 upon the journal.

The foregoing facts are gleaned from the original papers and appearance docket. We learn from the appearance docket that the trial to the jury extended over a period of four days and resulted in an unanimous verdict for the defendant. As no bill of exceptions is before us, we are not advised as to the details of what transpired at the trial. No objection appears to have been made to the discharge of the jury.

The plaintiff moved for a new trial basing his claim upon the inconsistency of the general verdict to the various answers to the special interrogatory. This interrogatory is as follows:

"Do you find from the evidence that the driver of the automobile, in which plaintiff was riding, was negligent in some respect as alleged in defendant's answer, and that such negligence on his part was the sole, direct and proximate cause of the collision in which plaintiff was injured?

"You are instructed to answer this question either 'yes' or 'no.'

"Answer:

| Yes | W. J. Williams |
|-----|----------------|
| Yes | L. Stewart |
| No  | James C. Kroll |
| Yes | Yaung Bauer |
| Yes | Jennie G. Louder |
| No  | Grace C. Sparks |

| | |
|---|---|
| Yes | Marcella Schreckenhofer |
| No | Herbert H. Hunte |
| No | Carney Smith |
| Yes | Louise Nagel |
| Yes | June Bass |
| No | Eleanor Nelson." |

It will be observed that seven of the jurors answered affirmatively and five answered negatively.

After returning the general verdict and this special interrogatory we must presume from the silence of the record that the jury was discharged—and that is conceded by counsel—and that no objection was made thereto.

Thereafter the plaintiff filed a motion for judgment notwithstanding the verdict, assigning as a ground therefor the alleged inconsistency between the answers to the special interrogatory and the general verdict. This motion was withdrawn later but after Judge Weber had overruled it in a written opinion, filed as an original paper, in which he pointed out that neither an affirmative nor a negative answer to the question, concurred in by nine or more, would have been totally irreconcilable. He said: "As pointed out in the court's previous opinion, no possible answer to the interrogatory could clearly and decisively determine an ultimate fact which would be irreconcilable with a general verdict for the defendant."

This motion for judgment, as hereinbefore stated, was thereupon withdrawn, a judgment on the general verdict was entered and a motion for a new trial was filed, assigning the same grounds as a basis for a new trial. Judge Weber overruled this motion also in a written opinion made a part of the record. As we construe his opinion, his conclusion was that no prejudice resulted to the plaintiff by the submission of this interrogatory to the jury. In this we concur.

In considering this case this court is limited by the fact that there is no bill of exceptions—no record—of the proceedings at the trial.

On the record before us we do not know which of the parties requested that this special interrogatory be submitted to the jury. Of course if the plaintiff requested it, and it was erro-

neous, it was an error which he had invited, and that would preclude him from taking advantage of it.

The confusion in this case seems to have originated in the pleadings. The defendant's answer purports to state two defenses. They are so numbered. The first defense is a general denial that the defendant was negligent. The second defense is that the collision was caused solely by the negligence of the driver of the automobile in which the plaintiff was a passenger. This answer presents only one defense, and that is a denial of negligence. Such a pleading has, at times, been called an explanatory denial.

In discussing this type of answer, it is said in 21 Ohio Jurisprudence (2d), 172, Section 161: "So too, an allegation in an answer in a negligence action, in addition to the general denial, that the injury was caused by the negligence of a third person, does not state an affirmative defense, and therefore does not cast the burden upon the defendant."

It will thus be seen that this interrogatory bears no direct relation to any issue in this case, and has significance only by a process of reasoning. It directs attention exclusively to the operator of the automobile and away from the real issue, which was whether the defendant was negligent.

This answer was not challenged in any way. The plaintiff filed a reply denying the allegations therein, and the case went to trial.

On this record we cannot say that prejudicial error intervened, or, if it did, that the plaintiff objected or excepted at the time.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

LONG and O'CONNELL, JJ., concur.